# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG BUCHANAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHIPMAN, et al.,<br><br>　　　　Defendants. | Case No.: 1:17-cv-00990-SAB (PC)<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT<br><br>[ECF No. 12] |

Plaintiff Craig Buchanan is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on August 9, 2017. Local Rule 302.

Currently before the Court is Plaintiff's first amended complaint, filed on September 5, 2017, in response to the Court's August 17, 2017, screening order. (ECF Nos. 11, 12.) For the reasons explained below, the Court finds that Plaintiff's first amended complaint must be dismissed, with prejudice, for failure to state a cognizable claim for relief under the United States Constitution.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

As with Plaintiff's original complaint, the allegations in the first amended complaint are vague and conclusory. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.

Plaintiff names "John Doe", on behalf of third party and the California Department of Correctional Medical Personnel as Defendants. Under section 1983, Plaintiff must link the named

2

defendants to the participation in the violation at issue. Ashcroft v. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d at 1020-21; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff contends he is involved in a third party conspiracy, not only to infect him with an infectious disease, but to also deny him the necessary medical treatment to rid the virus from his body. "The purpose of the illegality is to validate third party interest in the Recovery of Unclaimed Accounts particular to 'the gulf war' of 1991 and Declaration of War dated 3-19-03." (1st Amd. Compl. at 2, ECF No. 12.)

The defendants are identified as Security Personnel assigned to the segregated housing unit at Corcoran State Prison at or near the time that California would amend their Government Code to include California Tribal-Gaming Compact and the Medical Personnel at both Corcoran State Prison and Salinas Valley State Prison from 1997-2001.

Plaintiff acquired Hepatitis C in 1999 while housed at Corcoran State Prison. Every few days in the segregated housing unit, the inmates were allowed to shave using disposable razors. As a common practice, unit security would carry the disposable razors in their vests. The razors were only allowed to be used when the inmate was taking a shower, and not all inmates would shower when give the opportunity. It was clear from the inmate population that they were sharing and using each other's razors.

Plaintiff visited Dr. Robertson (now deceased) on June 1, 1999. At this visit, a biopsy was approved and performed by prison medical personnel. Plaintiff acquired Hepatitis C when given someone else's razor to shave with. Dr. Robertson made three attempts to secure a sample of Plaintiff's liver. As a result, Plaintiff was started on a program of drugs to treat the virus and was then transferred from Corcoran State Prison to Salinas Valley State Prison. The program and treatment of the virus was interfered with and Plaintiff was deemed a program failure.

Defendant John Doe should have known that Hepatitis C could be spread with the use of razor. "These matters occurred based on third party entitlements and Required Conditions on Attachments, the Recovery of Unclaimed Accounts belonging to the middle east a means for John Doe to address

the <u>Samuels</u> doctrine as a continuing act in conspiracy centered around a date of creation in January 16, 1991." (1st Amd. Compl. at 3-4.)

"Plaintiff alleges prison health care staff in making an informed decision to keep the question of malice a constitutional rights violation set out to convince Dr. Hoffman to sign off on the procedure Dr. Robertson would perform. Plaintiff further alleges this assignment to lien on the plaintiff's nongeneral powers was in fact a fraudulent plan and conspiracy targeting 'the gift' made available on January 16, 1991." (<u>Id.</u> at 4.)

## III.

## DISCUSSION

### A. Deliberate Indifference to Serious Medical Needs

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." <u>Jett</u>, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

"Deliberate indifference is a high legal standard," <u>Simmons v. Navajo County Ariz.</u>, 609 F.3d 1011, 1019 (9th Cir. 2010); <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. <u>Jett</u>, 439 F.3d at 1096. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." <u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 460 (9th Cir. 1980) (citing <u>Estelle</u>, 429 U.S. at 105-06). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." <u>Estelle</u>, at 106; <u>Snow v. McDaniel</u>, 681 F.3d at 987-88, <u>overruled in part on other grounds</u>, <u>Peralta v. Dillard</u>, 744 F.3d 1076,

1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) ("The deliberate indifference doctrine is limited in scope.").

Further, "[a] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, a plaintiff is required to show that the course of treatment selected was "medically unacceptable under the circumstances" and that the defendant "chose this course in conscious disregard of an excessive risk to plaintiff's health." Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012) (quoting Jackson, 90 F.3d at 332).

Here, Plaintiff alleges that he has chronic Hepatitis C, but he does not state any facts showing that a failure to treat the condition will result in a significant injury. As stated above, a difference in medical opinion, or even negligence, is not sufficient to state an Eighth Amendment violation. Plaintiff's conclusory allegation that his medical care is not appropriate is not sufficient. Plaintiff has failed to allege sufficient facts to show that any prison official was aware of a serious medical need and was deliberately indifferent to that need. Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference under the Eighth Amendment.

### B. Statute of Limitations

In addition, Plaintiff's claim that Defendant John Doe should have known that sharing razors could subject him to an infectious disease, it is clear Plaintiff's claim is barred by the applicable statute of limitations.

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitation, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. California's statute of limitations for

personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1 (West 2007); Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. Jones, 393 F.3d at 927. Under California law, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction enjoy a two-year tolling provision for damages actions. Cal. Civ. Proc. Code § 352.1 (West 2007).

In addition, California's equitable tolling doctrine "applies when an injured person has several legal remedies and, reasonably and in good faith, pursues one." McDonald v. Antelope Valley Community College Dist., 45 Cal.4th 88, 100 (Cal. 2008) (citation and internal quotation marks omitted). The equitable tolling of statutes of limitations is a judicially created, nonstatutory doctrine designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations - timely notice to the defendant of the plaintiff's claims - has been satisfied, McDonald, 45 Cal.4th at 99 (quotation marks and citations omitted), and pursuit of administrative remedies equitably tolls the statute of limitations so long as there was timely notice, lack of prejudice to the defendant, and reasonable, good faith conduct on the part of the plaintiff, id. at 101-103.

The Ninth Circuit has held that prisoners are entitled to equitable tolling of the statute of limitations while completing the mandatory exhaustion process. Brown v. Valoff, 422 F.3d 926, 942-943 (9th Cir. 2005). The equitable tolling of statutes of limitations is a judicially created, nonstatutory doctrine designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations-timely notice to the defendant of the plaintiff's claims-has been satisfied, McDonald, 45 Cal.4th at 99 (quotation marks and citations omitted), and pursuit of administrative remedies equitably tolls the statute of limitations so long as there was timely notice, lack of prejudice to the defendant, and reasonable, good faith conduct on the part of the plaintiff. Id. at 101-03.

In this case, the alleged wrongful act, over which this Court would have jurisdiction, occurred in 1999 at Corcoran State Prison, eighteen years prior to the date the instant action was filed. There

are no facts in the complaint that set forth any applicable tolling of the limitations period, and therefore the claim is barred by the statute of limitations. See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012) (screening standard for failure to state a claim the same as the Fed. R. Civ. P. 12(b)(6) standard); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (claim may be dismissed under Fed. R. Civ. P. 12(b)(6) as barred by the statute of limitation when the running of the statute is apparent on the face of the complaint).

**C.     Conspiracy**

To the extent Plaintiff is attempting to present a claim for conspiracy, Plaintiff is advised to state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). Plaintiff has not alleged sufficient facts to support a claim for conspiracy. Accordingly, Plaintiff fails to state a cognizable conspiracy claim.

**IV.**

**CONCLUSION AND ORDER**

Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for cruel and unusual punishment in violation of the Eighth Amendment, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

///

///

///

///

7

Accordingly, it is HEREBY ORDERED that:

1. The instant action is dismissed, with prejudice, for failure to state a cognizable claim for relief; and

2. The Clerk of Court is directed to enter judgment.

IT IS SO ORDERED.

Dated: **September 8, 2017**

UNITED STATES MAGISTRATE JUDGE